Mijanul v. Sessions

BIA
A096 154 860

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

## <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 5ᵗʰ day of November, two thousand eighteen.

PRESENT:
> JOHN M. WALKER, JR.,
> BARRINGTON D. PARKER,
> RAYMOND J. LOHIER, JR.,
> *Circuit Judges.*

_____

AKRAM MIJANUL, MIJANUL AKRAM,
> *Petitioner,*

v.

JEFFERSON B. SESSIONS III,
UNITED STATES ATTORNEY GENERAL,
> *Respondent.*

_____

17-2842 (L);
18-394 (Con)

NAC

| | |
|---|---|
| **FOR PETITIONER:** | Gregory Marotta, Vernon, NJ. |
| **FOR RESPONDENT:** | Chad A. Readler, Acting Assistant Attorney General; Jonathan A. Robbins, Assistant Director; Nicole Nardone, Trial Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, DC. |

UPON DUE CONSIDERATION of these petitions for review of decisions of the Board of Immigration Appeals ("BIA"), it is hereby ORDERED, ADJUDGED, AND DECREED that the petitions for review are DENIED.

Petitioner Akram Mijanul, a native and citizen of Bangladesh, seeks review of August 17, 2017 and January 30, 2018, decisions of the BIA denying his motions to reopen and reconsider. *In re Akram Mijanul,* No. A 096 154 860 (B.I.A. Aug. 17, 2017 and Jan. 30, 2018). We assume the parties' familiarity with the underlying facts and procedural history in this case.

As an initial matter, because Mijanul's petitions are timely filed only as to the BIA's 2017 and 2018 decisions denying his motions to reopen and reconsider, our review is limited to those decisions, and we may not consider any direct challenge to the BIA's 2012 decision finding waived any challenge to the immigration judge's conclusion that Mijanul filed a frivolous asylum application. *See Ke Zhen Zhao v. U.S. Dep't of Justice*, 265 F.3d 83, 89-90 (2d Cir. 2001). For the reasons stated below, we find no error in the denial of reopening and reconsideration.

Motion to Reopen

We review the agency's denial of a motion to reopen for

abuse of discretion. *Ali v. Gonzales*, 448 F.3d 515, 517 (2d Cir. 2006). It is undisputed that Mijanul's May 2017 motion to reopen was untimely because it was filed more than four years after his 2012 final order of removal. *See* 8 U.S.C. § 1229a(c)(7)(C)(i) (providing 90-day deadline for motions to reopen). Mijanul argued that the time for filing should be tolled based on ineffective assistance of counsel. Although the deadline may be tolled based on ineffective assistance, a movant must show diligence during "the period of time before the ineffective assistance of counsel was or should have been discovered" and "from that point until the motion to reopen is filed." *Rashid v. Mukasey*, 533 F.3d 127, 130-32 (2d Cir. 2008). "[T]here is no period of time which . . . is *per se* unreasonable, and, therefore, disqualifies a petitioner from equitable tolling-or, for that matter, any period of time that is *per se* reasonable." *Jian Hua Wang v. BIA*, 508 F.3d 710, 715 (2d Cir. 2007).

The BIA did not err in concluding that Mijanul failed to demonstrate due diligence. *Id.* (providing that "petitioner bears the burden of proving that he has exercised due diligence."). First, the BIA's 2012 decision informed Mijanul that he had forfeited his appeal by failing to file a brief, that he had waived any challenge to the frivolousness

3

determination, and that the frivolousness determination rendered him ineligible for future benefits. Second, Mijanul conceded that shortly thereafter his attorney admitted error in failing to timely file a brief. Because Mijanul waited more than four years to move to reopen, the agency reasonably determined that he failed to demonstrate due diligence during the entire period he sought to toll. *See id.* (citing several cases in which the Court held that "a petitioner who waits two years or longer to take steps to reopen . . . failed to demonstrate due diligence"). Absent due diligence, there is no basis for tolling the time based on ineffective assistance. *See Rashid*, 533 F.3d at 131 (explaining that "no matter how egregiously ineffective counsel's assistance may have been" a failure to affirmatively demonstrate due diligence forecloses equitable tolling of an untimely motion to reopen).

Reconsideration

We review the agency's denial of a motion to reconsider for abuse of discretion. *See Jin Ming Liu v. Gonzales,* 439 F.3d 109, 111 (2d Cir. 2006). A motion to reconsider must "specify the errors of law or fact" in the agency's prior decision. *See* 8 U.S.C. § 1229a(c)(6)(C); 8 C.F.R. § 1003.2(b)(1); *see also Ke Zhen Zhao*, 265 F.3d at 90. "A

4

motion for reconsideration is a request that the Board reexamine its decision in light of additional legal arguments, a change of law, or perhaps an argument or aspect of the case which was overlooked." *Jin Ming Liu,* 439 F.3d at 111 (internal quotation marks and citation omitted).

Mijanul does not identify an error of law or fact or an argument that was overlooked in the BIA's denial of reopening. Moreover, his motion to reconsider repeated arguments from his motion to reopen. *See id.* at 111 ("The BIA does not abuse its discretion by denying a motion to reconsider where the motion repeats arguments that the BIA has previously rejected."). To the extent Mijanul now directly challenges the frivolousness determination, it is not before us because no petition for review was filed from the 2012 decision. *See Ke Zhen Zhao*, 265 F.3d at 89-90.

Nor did the BIA abuse its discretion in construing Mijanul's motion for reconsideration as also requesting reopening based on his submission of a new affidavit because new evidence is a ground for reopening, not reconsideration. *Compare* 8 C.F.R. § 1003.2(b)(1) and 1003.2(c)(1). As a motion to reopen, it was both time and number barred. *See* 8 U.S.C. § 1229a(c)(7)(A), (C)(i). Moreover, the new affidavit

reiterated the ineffective assistance claim, which, for the reasons explained above, does not excuse the untimely filing. *See Rashid*, 533 F.3d at 132.

For the foregoing reasons, the petitions for review are DENIED.  As we have completed our review, any stay of removal that the Court previously granted is VACATED, and any pending motion for a stay of removal is DISMISSED as moot.  Any pending request for oral argument in connection with these petitions is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).

FOR THE COURT:
Catherine O'Hagan Wolfe,
Clerk of Court